## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY HACKNEY, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. 19-CV-3591 |
| | : | |
| COMCAST & XFININTY, | : | |
|     Defendants. | : | |

### MEMORANDUM

**KELLY, J.**                                                    **AUGUST  13, 2019**

Plaintiff Larry Hackney, who is representing himself, filed this civil action against

Comcast and Xfinity based on allegations that a grid installed by the Defendants in his

neighborhood is causing him harm.  Hackney seeks leave to proceed *in forma pauperis*.  For the

following reasons, the Court will grant Hackney leave to proceed *in forma pauperis* and dismiss

his Complaint without prejudice for lack of subject matter jurisdiction.

## I.      FACTS

Hackney alleges that the Defendants installed a grid in his neighborhood to facilitate their

internet services.  He indicates that the grid passes through neighborhood homes regardless of

whether the property owner is a Comcast or Xfinity subscriber.  Hackney claims that 145 days

ago, apparently after installation of the grid, he heard a high-pitched sound in his home that he

attributes to the grid.  In addition to the constant sound, Hackney claims to be experiencing

problems with sleep and appetite, nausea, skin rashes, nose bleeds, and problems with blood

circulation.  He seeks damages in the amount of $11.1 billion.

## II.    STANDARD OF REVIEW

The Court grants Hackney leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees necessary to commence this action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if, among other things, it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  As Hackney is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

The Court understands Hackney to be raising claims under Pennsylvania tort law.  He indicates that the jurisdictional basis for his claims is 28 U.S.C. § 1332(a).  That statute grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant."  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344

(3d Cir. 2011).  A corporation is a citizen of the state in which it was incorporated as well as the

state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  "[T]he citizenship

of partnerships and other unincorporated associations is determined by the citizenship of its

partners or members."  *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420.  "The burden of

establishing federal jurisdiction rests with the party asserting its existence."  *Lincoln Ben. Life

Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*,

547 U.S. 332, 342 n.3 (2006)).

The Complaint indicates that Hackney and the Defendants are all citizens of

Pennsylvania.  Accordingly, the Court cannot exercise jurisdiction over Hackney's Complaint.

Hackney will not be given leave to amend because amendment would be futile.  However, the

dismissal of this case is without prejudice to Hackney refiling his claims in state court.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Hackney's Complaint for lack of

subject matter jurisdiction.  As noted above, the dismissal is without prejudice to Hackney

refiling his Complaint in state court if he chooses to do so.  An appropriate Order follows.

**BY THE COURT:**

**/s/ Robert F. Kelly**
**ROBERT F. KELLY, J.**